In this case the plaintiff sued for the recovery of certain lands described in the complaint, and the defendant pleaded in bar of the action that the plaintiff was estopped by final judgment in a former action.
On 15 December, 1932, J. Walter Brown, administrator of the estate of J. D. Brown, executed an option on the lands and on other lands to the plaintiff, Robert Grant, which option was never properly recorded. Grant failed to make the payment required in the option, and on 5 April, 1933, Brown, administrator, conveyed the lands to Allie J. Long, by deed duly registered 6 April, 1933. In June, 1933, Allie J. Long, defendant in the present suit, instituted an action in the Superior Court of Edgecombe County against Robert Grant and others for the possession of the land described in the deed, this being identical with that described in the complaint in the present action, and for damages for wrongful detention. Subsequently, at the November Term, 1933, of Edgecombe Superior Court, an order was entered requiring Grant and other defendants in that suit to surrender possession of the lands in controversy to Allie J. Long, pending the final determination of that action, and without prejudice to either party; which possession was to commence on 28 December, 1933, and to continue until the final determination of the action, and in any event to last through the year 1934.
That case was tried at the October Term, 1934, and issues as to ownership and possession of the land and damages were decided in favor of Allie J. Long and against Robert Grant. Final judgment was thereupon entered adjudging that Allie J. Long was the owner and entitled *Page 187 
to possession of the land, and awarding damages against Grant and the other defendants.
In August, 1933, Grant instituted an action in the Superior Court of Edgecombe County against Brown, administrator, setting out the above mentioned option and contract and praying judgment for recovery of the amount of money paid thereunder in the sum of $445.00 and for damages for breach of contract. The contract was the same as that referred to in the complaint, and judgment was rendered in that action in favor of Grant against Brown.
The judgment roll in the prior action was introduced in the present action, and, upon an inspection of the record and the facts found, the trial judge concluded that the plaintiff in the present action was estopped by the former proceedings and judgments thereupon and entered judgment accordingly, from which the plaintiff appealed.
We are of the opinion that the conclusion reached by the court below is justified by the record, and the judgment is
Affirmed.